# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC;
BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK AS SUCCESSOR
TRUSTEE TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE FOR THE
BEAR STEARNS ALT-A TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-12; AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Appellants,
vs.
MELVIN GROUP, LLC,
Respondent.

No. 71028

**FILED**

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellants argue that the district court erred in concluding that the homeowners' association (HOA) foreclosed on the superpriority piece of its lien under NRS 116.3116 rather than just the subpriority piece.[1] In this, appellants argue that an HOA can elect to proceed on only the subpriority piece of its lien without offending NRS 116.1104, which states that the rights provided to an HOA in NRS Chapter 116 cannot be waived or varied by agreement. Although this court has recognized that NRS 116.1104

---

[1]All statutory references are to the provisions in effect at the relevant time, before the 2015 amendments.

invalidates mortgage protection clauses, *SFR Invs. Pool 1 v. U.S. Bank*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014), appellants suggest that an election to proceed only on the subpriority piece is an election of remedies, not a waiver, and that NRS 116.3116(7) allows an HOA to elect remedies. This argument is not supported by any relevant authority, and we disagree with appellants' interpretation of NRS 116.3116(7).

NRS 116.3116(7) stated, "This section does not prohibit actions to recover sums for which subsection 1 creates a lien or prohibit an association from taking a deed in lieu of foreclosure." Its plain language provides only that an HOA is not prohibited from taking action other than foreclosure to satisfy its lien. It says nothing about an HOA choosing to foreclose on only the subpriority piece of its assessment lien when the superpriority piece has not been satisfied. *See SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 419 (stating that nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position). We further are not convinced that any such choice can be characterized as an "election of remedies" that could be logically distinguished from a waiver that is precluded by NRS 116.1104. Even if we were to credit appellants' distinction, the CC&R provision that appellants reference as evidence of the HOA's election of remedies (§ 9.9) does not indicate the HOA's intent to only foreclose on the subpriority piece of its assessment liens and thereby leave all first deeds of trust intact. Rather, the language largely tracks NRS 116.3116(2), which gives the HOA a lien for certain assessments that has superpriority over a first deed of trust, as this court held in *SFR Investments*, 130 Nev. at 758, 334 P.3d at 419. As such, the CC&Rs' plain language preserved the HOA's statutory superpriority lien rights. *See 7912 Limbwood Court Tr. v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1153

(D. Nev. 2013) (interpreting similar language in an HOA's CC&Rs as preserving the HOA's statutory superpriority rights).

Appellants also ask us to adopt the standard set forth in the Restatement (Third) of Property: Mortgages § 8.3 (1997), which recognizes that courts are generally justified in setting aside a foreclosure sale when the sales price is less than 20 percent of the property's fair market value. This court rejected a similar request in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017), and we decline to reconsider that decision. Alternatively, appellants argue that they presented sufficient evidence of unfairness or oppression to invalidate the sale in light of the gross inadequacy of the sale price. *See id.* In this, they claim (1) the CC&Rs chilled bidding at the foreclosure sale, and (2) the HOA's agent would have rejected any effort to tender the superpriority portion of the lien.

We conclude that appellants fell short of offering sufficient evidence of unfairness or oppression to obtain equitable relief from the foreclosure sale even accepting that the sale price was grossly inadequate. First, because we have rejected appellants' interpretation of the CC&Rs, the CC&Rs did not unfairly chill the bidding at the foreclosure sale. Aside from the CC&Rs, appellants do not identify any evidence that the HOA or its agent chilled bidding on the property by affirmatively misrepresenting the effect that the HOA's foreclosure would have on the first deed of trust. *Cf. ZYZZX2 v. Dizon*, No. 2: 13-CV-1307 JCM (PAL), 2016 WL 1181666, at *5 (D. Nev. March 25, 2016) (concluding that bank showed "unfairness" in foreclosure based on mortgage protection clause in CC&Rs *and* HOA letter to bank and other interested parties stating that foreclosure would not affect the first deed of trust); *see also Bayview Loan Servicing, LLC v. SFR*

Supreme Court
of
Nevada

(O) 1947A

3

*Invs. Pool 1, LLC*, No. 2:14-CV-1875 JCM (GWF), 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) (explaining that *ZYZZX2* "was rendered in light of the combination of the mortgage protection clause and the HOA's misleading mailings"). Second, appellants provided no evidence that anyone tendered the superpriority amount of the lien with respect to the property at issue. *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."). If they had done so and the HOA or its agent rejected the tender without sufficient justification, the tender would have discharged the superpriority portion of the lien. *See* 59 C.J.S. *Mortgages* § 582 (2016). Absent evidence that the HOA or its agent affirmatively thwarted appellants' efforts to tender the superpriority amount, the alleged futility of any such effort does not establish unfairness or oppression. Because appellants therefore have not established an equitable basis to challenge the foreclosure sale, we need not consider the parties' arguments as to respondent's status as a bona fide purchaser.

Having determined that the district court did not err in granting summary judgment, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc: Hon. Douglas Smith, District Judge
William C. Turner, Settlement Judge
Akerman LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk